## H. M. VESEY, APPELLANT, *v.* LUCIEN HERMANN, RESPONDENT.

When language is used in the Constitution capable of two interpretations, and there is nothing in the general context of the instrument to determine which interpretation best conforms to the intention of the Convention, then resort must be had to a strict grammatical construction of the language to determine its effect.

Section 32, Article IV. of Constitution construed.

APPEAL from the First Judicial District of the State of Nevada, Storey County, Hon. R. S. MESSICK presiding.

The facts of the case are fully stated in the opinion.

*Taylor & Campbell,* for Appellant.

*Crittenden & Sunderland,* for Respondent.

Points of Appellant.

*First*—The functions of respondent as County Auditor ceased when the Constitution went into effect. (Statutes of Nevada, p. 295, sec. 1; Constitution, sec. 32, art. IV.—secs. 2 and 13, art. XVII., and *Cohn* v. *Wright,* 22 Cal. 312.)

*Second*—Appellant, by adoption of the Constitution, became *ex officio* County Auditor.

Respondent's Points.

The office of County Auditor is a distinct office, separate from that of Clerk. Reference to various clauses in the statutes speaking of the Auditor as an officer and to the case of *People* v. *Edwards*, 19 Cal. 292.

*Second*—All county officers hold over under sec. 13 of art. XVII.

*Third*—By a correct construction of sec. 32, art. IV., it only provides that those Recorders whose election is hereafter to be provided for shall be *ex officio* Auditors.

Opinion by BEATTY, J., full Bench concurring.

The plaintiff and appellant in this case was elected County Recorder at the September election in 1864, and soon thereafter entered upon the performance of his duties as Recorder of Storey County. The defendant and respondent was, at the same election, elected County Clerk of Storey County, and thereafter qualified and entered upon the performance of his duties as such Clerk.

Under the laws of the Territory, as then existing, the County Clerk was *ex officio* County Auditor. The plaintiff, appellant, claims that by the adoption of the Constitution, he, as County Recorder, became *ex officio* County Auditor. This proceeding was instituted to determine which of the parties is entitled, under the State Constitution, to exercise the functions of Auditor and receive the perquisites of that office.

Under the second section of the Schedule, " all laws of the Territory not repugnant to the Constitution are continued in force until they expire by their own limitations, or be altered or repealed by the Legislature." The thirteenth section of the Schedule provides that " all county officers under the laws of the Territory of Nevada, at the time when the Constitution shall take effect, whose offices are not inconsistent with the provisions of this Constitution, shall continue in office until the first Monday in January, 1867," etc. Section 32 of article

IV of the Constitution reads as follows: " The Legislature shall provide for the election by the people of a Clerk of the Supreme Court, County Clerks, County Recorders, who shall be *ex officio* County Auditors, District Attorneys, Sheriffs, County Surveyors, Public Administrators and other necessary officers, and fix by law their duties and compensation. County Clerks shall be *ex officio* Clerks of the Courts of Record and of the Boards of County Commissioners in and for the respective counties."

The only question to be determined in this case is whether that clause of the thirty-second section of article four which is in these words, " who shall be *ex officio* County Auditors," was intended by the framers of the Constitution to apply to those persons who might be County Recorders at the time the State government went into operation, or only to those whose election was to be provided for by law to be passed by the State Legislature.

The appellant contends that it was the intention of the framers of the Constitution to take the Auditorship from the Clerk because he would, in the ordinary course of events, have many accounts of his own to be audited against the county, and give it to the Recorder, who, from the nature of his office, would have few or no accounts against the county. That being governed by such motives, we are to·presume it was their intention that this change in the Auditorship should take effect simultaneously with the adoption of the Constitution.

For respondent it is contended that it was the policy of the Convention to retain all county officers in their present situations until January, 1867, and that the County Auditorship is a distinct office, and that appellant was County Auditor when the Constitution went into effect and the State government was adopted, and that he must remain such until January, 1867, under the provisions of section thirteen of the Schedule.

It would be hard to tell what the Convention did intend in regard to this particular ·point. Probably the question never presented itself to the mind of any member as to *when* the duties of the Auditorship should be transferred from the office of the County Clerk to that of the County Recorder.' Had such a question been presented to the mind of any member he would most probably have moved an amendment of the lan

guage of section thirteen of Schedule, so as to render that certain which, as it now reads, is somewhat ambiguous.

Believing there is nothing in the general policy or context of the Constitution to determine the proper construction of section thirty-two of article four, we have looked to that section to see if a proper analysis thereof would determine this question. This section declares that "the Legislature shall provide for the election, etc., of County Recorders, who shall be *ex officio* County Auditors." It appears to us that the pronoun "who" in this sentence has relation only to those Recorders whose election is to take place under a law to be passed by the State Legislature, and not any Recorder who is in office when the Constitution was to take effect. To make it relate to present incumbents would, in our opinion, be a forced and unnatural construction of the sentence; and this view is strengthened by a provision in regard to County Clerks.

It was necessary that the present incumbents of County Clerkships should, from the moment the State government went into effect, exercise the new functions of Clerks of the District Courts. In framing the thirty-second section of article four, the draftsman, instead of saying: " The Legislature shall provide for the election, etc., of County Clerks," *who shall be ex officio Clerks of the Courts of Record,* etc., which would have been phraseology similar to that used in regard to the Recorders, omits the language which I have expressed in italics, and, after providing in that sentence for the election of other county officers, adds a separate sentence in these words: " County Clerks shall be *ex officio* Clerks of the Courts of Record," etc.

Here seems a distinction to be made between County Clerks and County Recorders. The sentence in regard to Clerks refers as well to those in office as to those to be elected. It is general in its terms. The sentence in regard to Recorders, on the contrary, seems to be confined to those *who are to be elected under* a law to be passed by the State Legislature. For these reasons, we are of opinion the judgment of the Court below must be affirmed.