## Daniel Sullivan v. The People.

*Confession: Insanity: Immaterial rulings: Record: Evidence.* Where on a trial for an assault with intent to commit murder, in reply to evidence of a confession by the defendant, made some time after the alleged offense, that he had committed the offense charged, an effort has been made in order to avoid the force of such confession to show that defendant was insane when he made it, though not when the offense was committed, upon a record which states simply that there was evidence that he was insane some thirty-six or forty-eight hours after the time of such confession, and other evidence that he was never insane, from which record, as a whole, the implication is clear that there was no evidence of his insanity at the time of the confession, the rulings of the trial court on the question of such insanity, and the burden of proof and the nature of the evidence on that subject, are immaterial and can not be assigned for error.

*Charge to the jury: Alibi: Evidence.* Whether the charge to the jury in this case is open to the objection that it in effect instructed the jury that the defense of an *alibi* must be proved conclusively or beyond a doubt:—*Quære ?*

*Criminal trials: Erroneous rulings: Practice.* In a criminal case it is not a sufficient answer to an alleged error in the charge to the jury, to say that the record discloses a probability that the defendant was not injured by the erroneous charge, but it must appear beyond any reasonable doubt that he could not have been so injured.

*Criminal trials: Alibi: Neglect to interpose defense on preliminary examination.* Whether the neglect of a prisoner to interpose his defense of an *alibi* before the examining magistrate should be allowed under any circumstances to be commented upon against him on the trial and to be considered by the jury:—*Quære ?*

*Criminal trials: Rulings of court in presence of jury: Instructions: Practice.* The remarks of the court in the presence of the jury in overruling an objection interposed by a prisoner's counsel, to comments adverse to the prisoner, made by the counsel for the prosecution in his closing argument to the jury, upon the fact that the prisoner failed to interpose his defense of an *alibi* on his examination before the magistrate, are to be treated and considered on error precisely as if addressed to the jury and embodied in the charge.

---

* Judge Christiancy was elected United States Senator January 21, 1875, and did not sit in any of the causes heard after that date.

*Alibi :  Neglect to make defense before examining magistrate :   Instructions to the jury.*  A ruling that "it is the duty of a respondent when he has a good defense in the nature of an *alibi*, to interpose that defense at the earliest moment possible; and a respondent should offer his defense of an *alibi* before the examining magistrate, with a view to saving himself anxiety and trouble, and the people the great expense of a trial," is held to be erroneous, especially in the absence of any showing that the witnesses sworn on the trial on that subject were present or attainable at the examination.

*Submitted on briefs October 28.    Decided January 6.*

Error to Houghton Circuit.

*T. M. Brady* and *Chipman, Dewey & Hawes,* for plaintiff in error.

*Isaac Marston, Attorney General,* for the People.

CHRISTIANCY, J.

The plaintiff in error was tried in the circuit court for the county of Houghton, upon an information charging him with having, on the 16th day of December, 1873, at, etc., willfully and feloniously, and of malice aforethought, assaulted, beaten and wounded one William W. Perry, with the intent, him, the said Perry, then and there to kill and murder.

The defendant below (plaintiff in error) was convicted, and sentenced to the state prison at Jackson for ten years.

"There was evidence" (as appears by the bill of exceptions) "tending to show that respondent, on the *morning of January 2, 1874,* confessed having assaulted complaining witness in the manner charged in the information." And for the purpose, as it would seem from the record, of avoiding the force of this confession as evidence, the defendant seems to have undertaken to prove that he was insane when he made the confession,—not when he committed the offense,—and several exceptions were taken to the judge's charge as to the burden of proof upon that question, the nature of the evidence given upon it, and to a clause in the charge implying that defendant must conclusively prove the insanity.

But we think all questions connected with, or growing out of that of insanity, are outside of the case as presented upon this record.

The bill states that "there was evidence given on the trial tending to show that respondent was insane on the night of the third or the morning of the fourth of January, 1874; and there was evidence tending to show that he was never insane." Now the confession which the evidence tended to show was made on the morning of the second of January, and the record does not show that there was any evidence tending to show that defendant was insane at the time, nor until the night of the third or morning of the fourth; and the clear implication from the record is, that there was no such evidence. It is therefore quite immaterial upon this record what rulings the court may have made connected with the question of insanity. They cannot be assigned as error upon this record.

But the defendant set up in defense, and introduced evidence tending to prove an *alibi*. But upon his preliminary examination before the examining magistrate, he offered no evidence whatever.

As to proof of the *alibi*, it is objected that the court instructed the jury that it must be proved conclusively, or beyond a doubt, to constitute a defense. Though such language was incidentally used in one part of the charge, I am strongly inclined to think such was not the fair meaning of the whole charge upon this subject when taken together. The whole charge upon this point, after properly defining an *alibi*, was this: "when such a defense is made and proven, it is conclusive. It is the best defense that can be interposed. It leaves no doubt of the innocence of the party accused; but it must be satisfactory. There must be no doubt about it, or else you cannot give it much credence; so that it becomes very important in connection with space and distance. You must be satisfied that the time and space correspond; and it being proved satisfactorily to you, and being found to be reasonable with time

and distance, then it is conclusive." Then, after comment-ing upon the proof of insanity, which is not here in ques-tion, he concludes his charge as follows: "But it is your duty, gentlemen, to take the whole case, under the evidence for the people and for the defense, and weigh it carefully,—every trifling circumstance, every fact, remote or proximate, grave or trivial,—all these go to make up the evidence in this case. If you believe, from all the facts and circum-stances in this case, that the people have proven their case,—for they have the affirmative, gentlemen,—and it is their duty to convince you beyond a reasonable doubt,—if they have sustained their charge, your verdict will be guilty. But if there should remain in your minds a well-founded, reasonable doubt as to the guilt of the respondent, you must give him the benefit of that doubt. Entertaining such a doubt, your verdict will be not guilty, and you must acquit."

This last portion of the charge, if understood by the jury as extending to the question of an *alibi*, as I am inclined to think they must have understood it, would have corrected the error of the previous statement, that " there must be no doubt about it;" and the doubt referred to would be understood as " a reasonable doubt."

In a criminal case, however, we must not only see from the record a probability that the defendant has not been injured by any erroneous expression in the charge, but we must be satisfied beyond any reasonable doubt, that *he could not* have been so injured.

We need not, however, determine this particular ques-tion in this case, as there is another error in the record for which the judgment must be reversed; and this partic-ular question will not be likely to arise in the same form upon a new trial. The record states that during the clos-ing argument for the prosecution, Mr. Chandler, one of the counsel for the people, commented adversely to the respondent upon the fact that he, the respondent, did not interpose the defense of an *alibi* on the examination before

the magistrate, it being matter of record, and the fact appearing that the respondent offered no defense before the examining magistrate.    The comment of counsel for the prosecution being objected to by respondent's counsel, the court overruled the objection; and, in the presence of the jury, remarked as follows: "It is the duty of a respondent, when he has a good defense in the nature of an *alibi*, to interpose that defense at the earliest moment possible; and a respondent should offer his defense of an *alibi* before the examining magistrate, with a view to saving himself anxiety and trouble, and the people the great expense of a trial."

Now, while for myself I think it may sometimes depend upon the circumstances of the case, whether the neglect of a prisoner to interpose such a defense before an examining magistrate shall be allowed to be commented upon against him, and considered by the jury (a point upon which my brethren reserve *any opinion*), yet, I think it quite clear the judge went too far in the present case, when, in the presence of the jury, and therefore having the same effect as if addressed to them, he used the language above cited. It is easy to see that there may have been good reasons why the defendant, however innocent, should, as matter of prudence, have neglected to go into the evidence of the *alibi* before the magistrate.    It does not even appear that the witnesses sworn on the trial were present or attainable at the examination.

The judgment must be reversed, and a new trial awarded.

The other Justices concurred.