[No. 10,641.—Department One.]

## THE PEOPLE v. JAMES BARNHART.

TRIAL—STATEMENT OF TESTIMONY BY COUNSEL.—An erroneous statement of the testimony to a jury by counsel on the trial of a cause is not an error for which a new trial will be awarded.

APPEAL from a judgment of conviction and from an order denying a new trial in the Superior Court of Alameda County. GREEN, J.

*Colin Campbell, F. T. Brearty,* and *Thomas Watt,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

Ross, J.:

At the trial in the Court below the District Attorney, in his opening argument to the jury, stated that the witness. Brown testified that defendant, shortly after his arrest, requested him to ask the prosecuting witness, Badger, to come and see him, and that Badger testified that during such visits the defendant said, "I would not have taken the horse if I had not been drunk"—from which the District Attorney proceeded to argue an inference of guilt, whereupon the defendant's counsel objected to such action on the ground that no such testimony was given in the case. The prosecuting attorney insisted that such was substantially the testimony as given. Counsel for defendant asked that the reporter's notes be read. The Court stated to counsel that its recollection of the testimony, in that regard, accorded substantially with that of the prosecuting attorney, but that the jury were the sole judges of what the testimony, if any, in that respect, was, and directed the prosecuting attorney to proceed, suggesting that in the mean time the reporter could look over his notes, and if it was found the prosecuting attorney was mistaken, the mistake could be corrected at any time before the argument closed. The prosecuting attorney, after stating that he thought he was correct in the matter, proceeded to address the jury, but no further in relation to the matter in question—to all of which the defendant's counsel reserved

an exception, without asking to put before the jury the result of the reporter's investigation of his notes.

We see no merit in the exception. An erroneous statement of the testimony to a jury by counsel in the trial of a cause is not an error for which a new trial will be awarded. It would be strange if it was. It often occurs that counsel do not agree as to what the testimony is. Indeed, it rarely happens that they do. It is for the jury to determine that question, and so the Court told the jury in this case, at the same time affording defendant the opportunity, of which he did not avail himself, to show from the reporter's notes just what the testimony was.

The verdict is sustained by sufficient proof, and we discover no error in law entitling defendant to a new trial.

Judgment and order affirmed.

McKINSTRY and McKEE, JJ., concurred.