[No. 10,671.—In Bank.]
Feb. 24, 1882:

## THE PEOPLE *v.* LEE AH YUTE.

IMPEACHMENT OF WITNESS—LEADING QUESTION.—Where a witness has been asked, on cross-examination, if he had not used particular expressions for the purpose of laying a foundation for contradicting him, and has denied that he has done so, the witness called to contradict him may be asked if he did not make the particular statement in question.

STATEMENT OF ATTORNEY TO JURY—TRIAL.—An erroneous statement of the testimony to the jury by counsel in the trial of cause, is not an error for which a new trial will be awarded.

APPEAL from a judgment of conviction, and from an order denying a new trial in the Superior Court of the City and County of San Francisco.   FREELON, J.

No briefs on file.

MORRISON, C. J.:

On the trial of this case in the Superior Court, the defendant offered himself as a witness, and on his cross-examination was asked if he did not, on a former trial of the case, testify "that he (defendant) was, at a time mentioned, in the house of the deceased, talking with the deceased and with a woman named Ah Heong immediately prior to the shooting, and that while there he saw Lee Wing look through the window?" The defendant denied that he had ever so testified, and for the purpose of contradicting him, the Chinese interpreter, Louis Locke, was called for the prosecution, and he was asked if the defendant did not testify in the manner stated. Objection was made to the question, on the ground that it was leading, and that the proper course was to ask the impeaching witness to state what the defendant did swear to on the former trial. The Court overruled the objection, and it is claimed before us that the ruling was erroneous.

1. Speaking on this subject, a standard writer on the law of evidence says: "So, where a witness is called to contradict another, who had stated that such and such expressions were used, or the like, counsel are sometimes permitted to ask whether those particular expressions were used, or those

things said, instead of asking the witness to state what was said." (1 Greenl. on Ev., § 435.) To the same effect is the text of another high authority on this point: "The witness having been asked on cross-examination if he had not used particular expressions, in order to lay a foundation for contradicting him, upon his denial, the witness called to prove that he did use them may be asked as to the particular words used from his brief." (Stark. Ev. 216.)

In *Edwards* v. *Walter*, 3 Stark. 8, "Scarlett, in cross-examination, asked a witness as to some expressions he had made, for the purpose of laying a foundation for contradicting him; the witness denied having used them. Scarlett afterwards called a person to prove that he had, and read from his brief. Abbott, C. J., held that he was entitled to do so."

The impeaching witness was the Chinese interpreter, and he was the proper person to call for the purpose of proving what the defendant swore to in the Chinese language on the former trial, as was held by Department One of this Court in the case of *The People* v. *Ah Yute*, 56 Cal. 121. "The interpreter or some other witness who heard and understood the language in which the statements of the defendant were made, should have been called to prove them." (See also *People* v. *Lee Fat*, 54 Id. 527.)

2. The second point made, presents an exception to remarks made by the District Attorney in his closing argument to the jury; and upon this subject the bill of exceptions shows the following facts:

"Mr. Marshall said, in closing for the people, an attempt has been made to impeach the character of the witness for the people, Hugo Habner. Counsel for the defense has attacked him in a bitter tirade. He is a man of good character, and had I deemed it necessary I could have produced witnesses to testify to his good character;" to which remarks the defendant objected, and had his exception noted. Thereupon the following additional occurred:

"The Court: It has been sought here to try the case without any exceptions; and rather than there should be any exception, the Court will order the remarks of Mr. Marshall stricken out—those which were objected to;" whereupon Mr. Marshall said: "Very well, then, the argument, so far as

making any indorsement of that man's character, goes for nothing—so far, I suppose, as I stated I was prepared to defend his reputation if it has been impeached." The Judge then said: "Yes, strike that out also."

In the case of *The People* v. *Runk,* decided January 22, 1878, the Supreme Court had before it the question of alleged improper remarks made by the District Attorney in his closing argument to the jury, and such remarks were made the ground of exception on appeal. The Court affirmed the judgment, but filed no written opinion. The affirmance of the judgment, however, involved the decision that the case should not be reversed, because the District Attorney went out of the record, and presented views of his own in the case. The recent case of *The People* v. *Barnhart,* 59 Cal. 402, presented a similar question, and Mr. Justice Ross, delivering the opinion of the Court, there says: "We see no merit in the exception. An erroneous statement of the testimony to the jury by counsel in the trial of a cause, is not an error for which a new trial will be awarded. It would be strange if it was." Few cases would stand the test of an appeal, if the Court below is to be held responsible for every license taken by attorneys in the argument of causes. We do not wish to be understood as saying that there may not be such an abuse in this regard, as would make it the duty of this Court to reverse the judgment of the trial court, but certainly there was nothing in the case with which we are now dealing that calls for a reversal. Objection was made by defendant's counsel to the remarks made by the District Attorney, and the Court below at once ordered them stricken out. They did not occur again in the argument, and the Court did all in its power to remove any improper influence the remarks might have produced upon the jury.

We see no error in the proceedings, and the judgment and order are therefore affirmed.

McKEE, ROSS, SHARPSTEIN, and THORNTON, JJ., concurred.