[No. 20959. Department One. — August 17, 1893.]

## THE PEOPLE, RESPONDENT, v. SYLVESTER NON-ELLA, APPELLANT.

CRIMINAL LAW — ASSAULT TO MURDER—EVIDENCE—CROSS-EXAMINATION —IMPROPER IMPEACHMENT OF WITNESS. —In a prosecution for an assault with intent to commit murder, where the wife of the defendant was asked on cross-examination whether she had not told another woman named, that her husband had intended to shoot the deceased some weeks previous, which question she answered in the negative, a question by the district attorney to such other woman asked for the purpose of impeaching the defendant's wife, "What did she tell you about the shooting?" is improper, as not being within the foundation laid upon the cross-examination.

ID. — LAYING FOUNDATION TO IMPEACH WITNESS. — In order that a witness may be impeached by evidence that his previous statements were inconsistent with those made upon the trial, the attention of the witness must be drawn with particularity to the circumstances surrounding the making of the statements and his mind directed to the very statements themselves. The proper course to be pursued when the impeaching witness is produced is to ask him the direct question, "Did the party make such statement at the time and place mentioned?"

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graves & Graves,* and *L. Lamy,* for Appellant.

*Attorney-General W. H. H. Hart, F. A. Dorn,* and *E. P. Unangst,* for Respondent.

GAROUTTE, J. — Defendant was convicted of the crime of an assault with intent to commit murder, and appealed from the judgment and order denying his motion for a new trial.

The motion for a new trial should have been granted by reason of error committed by the court in admitting improper evidence before the jury. Mrs. Nonella, wife of the defendant, was an eye witness to the affray, and testified in behalf of her husband. Upon cross-examination she was asked the following questions, which were answered in the negative: —

"Didn't you tell Mrs. Bassi the night of the 22d of February, when no one was present but you and Mrs. Bassi, and in the garden near your house, that your husband intended to shoot him some weeks before that?"

"Didn't you tell Mrs. Bassi, at the same time and place, when

no one was present but you and Mrs. Bassi, that you didn't want to go out and speak to Firanzi, but your husband made you do it?"

Objections were made to these questions upon various grounds, which were overruled, the district attorney stating that his only object in asking them was for the purpose of laying a foundation to impeach the witness. Owing to other matters which will hereafter receive our attention, we do not find it necessary to review the rulings of the court regarding the admissibility of this evidence, especially in view of the fact that the answers were in the negative, and consequently no harm could have resulted to defendant thereby.

In rebuttal the district attorney, for the purposes of impeachment, placed the witness, Mrs. Bassi, upon the stand, and she was asked: "What did she tell you about the shooting? Leave out all that outside matter." This question was objected to upon the ground that it was "irrelevant and incompetent; that no foundation had been laid for the impeachment of Mrs. Nonella; and that no declaration made by Mrs. Nonella to her about the shooting, or any fact connected with the shooting, is binding upon the defendant"; but the objections were overruled.

It will be noticed that the question by the district attorney, "What did she tell you about the shooting?" (referring to what defendant's wife had told her) was hearsay evidence as to the *res gestæ* of the offense charged, and coming from the wife was well calculated to weigh heavily against the cause of the defendant. Being hearsay evidence, it could only be admitted for the single purpose of impeaching the testimony of Mrs. Nonella, by showing that her previous statements as to the circumstances of the affray were inconsistent with those made by her when upon the witness stand, and it appears to have been offered and admitted for that purpose. The foundation for such a question was not laid when Mrs. Nonella was upon the stand. Upon an inspection of the two questions addressed to her, touching her conversation with Mrs. Bassi, it appears that neither of them in any way referred to the actual shooting of the prosecuting witness. In order that a witness may be impeached in this manner, the statute (Code Civ. Proc., sec. 2052) demands that the attention of the witness should be

drawn with particularity to the circumstances surrounding the making of the statement, and his mind directed to the very statement itself, and, if in writing, such writing must be shown to the witness. Those requirements are demanded by the statute in order that all the light possible may be cast upon the scene, so that the witness' recollection may be refreshed, and his answer to the interrogatory direct and positive. Such being the fact, the proper course when the impeaching witness is produced is to ask him the direct question, "Did the party make such statement at the time and place mentioned?" In fairness to the witness to be impeached, and in order that the testimony may be of any value for impeachment purposes, such course should be pursued; and for the further reason that such a course will best serve the purpose of keeping from the jury irrelevant and incompetent matter. Beyond all doubt such should be the rule when opposing counsel object to the question as being too broad and general. The authorities of other states, and the text-writers upon the law of evidence, are not entirely harmonious as to the true rule; but in the case of *People* v. *Lee Ah Yute*, 60 Cal. 95, the practice of asking a direct question was held to be proper, and we are satisfied, for the reasons here stated, such should be the course adopted.

The question, "What did she tell you about the shooting?" was objectionable even under those authorities which hold it improper to ask a leading question. As already indicated, it did not cover or even refer to the subject-matter involved in the questions addressed to Mrs. Nonella. In those questions not a word is found as to the shooting. One inquiry was addressed as to what the defendant determined to do two weeks before the date of the affray, and the other pertained to alleged acts of the defendant, directed toward the witness, his wife. In response to the question addressed to Mrs. Bassi, she proceeded to state, among other things, that Mrs. Nonella told her that "her husband run inside and got the rifle and shot the prosecuting witness." Such evidence was prejudicial to defendant, and clearly objectionable, being the purest hearsay. Considered for the purposes of impeachment, it was objectionable, no such inquiry being addressed to Mrs. Nonella when upon the stand, and consequently no foundation existing upon which to base the

inquiry.   It becomes unnecessary to consider other assignments of error.

For the foregoing reasons, it is ordered that the judgment and order denying a new trial be reversed and the cause remanded.

HARRISON, J., and BEATTY, C. J., concurred.